### O'LOUGHLIN v. BILLY.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. AGENCY—AUTHORITY—EVIDENCE—ESTOPPEL.
    Possession of a bond and mortgage by one alleged to be the attorney of the mortgagee authorized by him to receive payment is sufficient to invest the attorney with apparent authority, and to estop the mortgagee from denying that he possessed such authority.

2. SAME.
    Execution and delivery by a mortgagee of a certificate of satisfaction to an attorney, to whom the mortgagor made payment, is strong evidence that the attorney had actual authority to receive payment, and, in the absence of satisfactory explanation, is conclusive on that point.

Appeal from Special Term, Kings County.

Action by John J. O'Loughlin against Mary Billy. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

August W. Glatzmayer (George A. Knobloch, on the brief), for appellant.

I. Newton Williams, for respondent.

HIRSCHBERG, P. J. The action is brought to obtain the cancellation and discharge of a mortgage on certain real estate owned by the plaintiff. The bond to which the mortgage is collateral was paid by the plaintiff after maturity to the attorney by whom the loan was originally negotiated, and the question litigated was whether he had authority, actual or apparent, to receive the payment as the de-

¶ 1. See Principal and Agent, vol. 40, Cent. Dig. § 300.

fendant's agent. The defendant claimed that the bond and mortgage were delivered to her shortly after they were executed; that they remained in her possession continuously from that time until the trial; that, although the attorney collected and paid her the interest, he was not invested by her with authority to receive the principal; and that he never paid the principal to her, nor did she know that he had received it until shortly before the commencement of the action. The learned trial court has found upon conflicting evidence, not only that the attorney had possession of the bond and mortgage at the time of the payment in question, but that he also had a satisfaction piece executed by the defendant but not acknowledged, which papers were delivered to him by her with actual authority to collect the principal sum. The plaintiff testified that these three papers were given to him by the attorney at the time the payment was made, and that they were afterwards returned at the attorney's request, in order that the satisfaction might be acknowledged and filed. He further testified that he endeavored to get them some months later, but was told by the attorney that he would keep them. The certificate of satisfaction was subsequently found among the attorney's papers, but the bond and mortgage were at that time, and ever since, in the possession of the defendant.

The possession of the bond and mortgage by the attorney at the time of the payment would suffice to invest him with apparent authority to collect the money due, and to estop the defendant from denying that he possessed such authority. Williams v. Walker, 2 Sandf. Ch. 325; Smith v. Kidd, 68 N. Y. 130, 23 Am. Rep. 157; Crane v. Gruenewald, 120 N. Y. 274, 24 N. E. 456, 17 Am. St. Rep. 643; Central Trust Co. v. Folsom, 167 N. Y. 285, 60 N. E. 599. The execution and delivery to him of the certificate of satisfaction is strong evidence of actual authority, and, in the absence of some satisfactory explanation, must be deemed conclusive. While the evidence, as I have said, is conflicting upon both questions, the defendant denying the genuineness of the signature to the satisfaction piece, as well as the possession of the bond and mortgage by the attorney, the findings of the learned trial court in the plaintiff's favor are abundantly sustained, and the judgment decreeing the delivery of the securities to the plaintiff and the cancellation and discharge of the record of the mortgage should accordingly be affirmed.

Judgment affirmed, with costs. All concur.