JOANNA KAMINSKI, Plaintiff, *v.* FRANCES SWIDER, KAZIMIER TADYSZ, LUDWICKA TADYSZ and JOSEPH FRANCKOWIAK, Defendants.

Supreme Court, Erie County, March, 1924.

Mortgages — foreclosure — mortgagee bound by payments of principal and interest to her agent — forged assignment of bond and mortgage — mortgagee not bound by payments to purchaser through forged assignment — decree setting aside satisfaction by purchaser through forged assignment and granting foreclosure and sale ordered.

A mortgagee is bound by payments of principal and interest to her agent where it appears that the agent had been authorized to and had collected prior payments; that he had the bond and mortgage in his possession at the time the payments in question were made and that the same were properly indorsed upon the bond.

Supreme Court, March, 1924.　　　　　[Vol. 122

Where in an action to foreclose a mortgage it appears that a forged assignment of the bond and mortgage was made through the plaintiff's agent and that a purchaser through such forged assignment executed a satisfaction piece after receipt of payment a decree should be entered setting aside the satisfaction and granting a foreclosure and sale.

Action to foreclose mortgage.

*Frank J. Fitzpatrick,* for plaintiff.

*Herbert B. Butterfield,* for defendants Tadysz.

*Alfred L. Harrison,* for defendants Swider and Franckowiak.

Brown, J. In March, 1919, the plaintiff loaned to defendant Swider $1,000, taking the bond and mortgage described in the complaint as security. The loan was placed and the bond and mortgage prepared by one Mioducki acting for the plaintiff. After the mortgage had been recorded the bond and mortgage were delivered by Mioducki to the plaintiff in April, 1919. The plaintiff authorized Mioducki to collect the interest on the debt as it matured. Swider paid to Mioducki the interest that accrued September 1, 1919, and March 1, 1920, which was paid by Mioducki to the plaintiff. August 16, 1920, defendant Swider conveyed the mortgaged premises to defendant Tadysz, who assumed and agreed to pay the mortgage debt. Tadysz paid the interest that accrued September 1, 1920, and March 1, 1921, to Mioducki, who paid the same to the plaintiff. These four interest payments are indorsed upon the bond all in the handwriting of Mioducki. In November, 1921, the mortgage debt having matured, the plaintiff delivered the bond and mortgage to Mioducki upon Mioducki's statement to the plaintiff that the people were all ready to pay the mortgage debt and that he, Mioducki, wanted to prepare the satisfaction piece for plaintiff's signature when she received the money. On November 16, 1921, the defendant Tadysz paid Mioducki $500, and under date of November 22, 1921, Mioducki indorsed that amount as a payment on the bond, together with $13.66, as an interest payment to December 1, 1921. Mioducki did not pay any part of the $500 or $13.66 to the plaintiff. Plaintiff asserts that such sums were not paid to Mioducki as her agent and that they were not valid payments upon the mortgage debt. Defendants assert to the contrary. The fact that Mioducki was authorized to collect the prior interest payments as they accrued; that he had the bond and mortgage in his possession at the time Tadysz made his payment of $500 and interest; that the same was properly indorsed upon the bond as a payment thereon, leads to the conclusion that such payment was a valid

payment upon the mortgage debt, and plaintiff became bound thereby. *Central Trust Co.* v. *Folsom,* 167 N. Y. 285; *O'Loughlin* v. *Billy,* 95 App. Div. 99; *Kissinger* v. *Quirin,* 206 id. 126.

A few days after the payment of the $500 on the 16th of November, 1921, defendant Tadysz, Mrs. Tadysz and one Gwizdowski went to the office of Mioducki. Gwizdowski handed Mrs. Tadysz $500, who handed it to Mioducki. Mioducki delivered to Gwizdowski an assignment of the plaintiff's bond and mortgage apparently executed by the plaintiff under date of November 7, 1921, assigning the bond and mortgage to Martha C. Mioducki, containing a covenant that there was $500 due and unpaid thereon, with interest from September 1, 1921, together with an assignment of the same bond and mortgage executed by Martha C. Mioducki to Gwizdowski under date of November 22, 1921, containing a covenant that there was due and unpaid thereon the sum of $500 and interest from December 1, 1921, together with the bond and mortgage, at which time the defendant Tadysz and Gwizdowski were told by Mrs. Mioducki that she, Mrs. Mioducki, had authority to sign the plaintiff's name to the assignment of mortgage dated November 9, 1921. Shortly thereafter, Mioducki was convicted of grand larceny and is now in Auburn State Prison. The plaintiff did not sign her name to the assignment dated November 9, 1921, her signature thereto being a forgery. During the criminal investigation the defendant Tadysz was advised of the forgery of plaintiff's name to the assignment dated November 9, 1921. Thereafter the defendant Tadysz paid the amount due on the bond and mortgage to Gwizdowski, who executed a satisfaction piece of the mortgage, which was recorded in the Erie county clerk's office December 2, 1922, whereupon this action was commenced. It is clearly apparent that Gwizdowski and Tadysz, in the transaction of paying the $500 to Mioducki and receiving the pretended assignment of the plaintiff's bond and mortgage therefor, did not make such payment to Mioducki as agent for the plaintiff as a payment in discharge of the mortgage debt. Mioducki did not pretend to be acting for the plaintiff as his principal in receiving the money. He pretended to be acting for Mrs. Mioducki, claiming to own the bond and mortgage, through the forged assignment. Gwizdowski as well as Tadysz knew that they were receiving the pretended title to the bond and mortgage through the assignment to Martha C. Mioducki. Nothing that occurred at that time was in any wise binding upon the plaintiff. The subsequent payment by Tadysz to Gwizdowski was not a payment upon the plaintiff's bond and mortgage. The satisfaction thereof by Gwizdowski was invalid, his right to

satisfy having been impaired by and tainted with the forgery. The conclusion is reached that the plaintiff is entitled to a decree vacating, setting aside and canceling of record the assignment dated November 7, 1921, signed in the name of Joanna Kaminski, the assignment dated November 22, 1921, executed by Martha C. Mioducki, and the satisfaction piece executed by Gwizdowski and recorded in the Erie county clerk's office December 2, 1922, and for the foreclosure and sale of the mortgaged premises; that there is due and owing on the bond and mortgage the sum of $500, and interest from December 1, 1922, viz., $540, together with costs.

Let findings be prepared.

Judgment accordingly.